**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENEA WILLIAMS<br>214 Washington Street<br>Phillipsburg, NJ 08865<br><br>        Plaintiff,<br><br>   v.<br><br>COMPASSIONATE HEALTH CARE INC. A<br>HOME HEALTH AGENCY<br>493 South Main Street,<br>Phillipsburg, NJ 08865<br><br>        Defendant. | INDIVIDUAL AND COLLECTIVE ACTION<br>UNDER THE FLSA<br><br>INDIVIDUAL AND CLASS ACTION<br>UNDER THE NEW JERSEY WAGE AND<br>HOUR LAW<br><br>Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiff Jenea Williams (hereinafter referred to as "Named Plaintiff"), on behalf of herself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Compassionate Health Care (hereinafter referred to as "Defendant").

## INTRODUCTION

1.     Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Defendant failed to pay Named Plaintiff and those similarly situated overtime wages as required by the FLSA and New Jersey Wage Laws.

## JURISDICTION AND VENUE

2.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*  This Court has jurisdiction over Plaintiff's state law claims because they are

supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

4.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein as if set forth in full.

6.      Plaintiff is an adult individual with an address as set forth above.

7.      Defendant is a company that does business in New Jersey at the address set forth in the caption.

8.      At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.      The foregoing paragraphs are incorporated herein as if set forth in full.

10.      Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant as home health aides or in positions with similar duties subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three (3) years preceding the date the instant action was initiated (the members of this putative class are  referred to as "Class Plaintiffs").

11.     Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

12.     There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

15.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings her claim for relief to redress Defendant's violations of the NJWHL on behalf of herself and those similarly situated.

17.     Specifically, Named Plaintiff seeks to represent a class of all individuals who worked or work for Defendant as home health aides or in positions with similar duties subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the two (2) years preceding the date the instant action was initiated (the members of this putative class are also referred to as "Class Plaintiffs")

18.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is at least 40.

19.     Named Plaintiff's claims are typical of the claims of Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendant in New Jersey within the last two (2) years whom Defendant failed to pay at a rate of one and one-half times her regular rate for hours worked over 40 hours in a workweek.

20.     Named Plaintiff will fairly and adequately protect the interests of Class Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

21.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

23.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class are: 1) whether Defendant unlawfully classified Named Plaintiff and Class Plaintiffs as exempt from overtime, and 2) whether Defendant paid overtime wages to Named Plaintiff and Class Plaintiffs for all hours worked in excess of 40 hours in a workweek.

### FACTUAL BACKGROUND

24.     The foregoing paragraphs are incorporated herein as if set forth in full.

25.     From in or around November 2011 to in or around early-2017, Named Plaintiff worked for Defendant as a home health aide.

26.     Named Plaintiff earned $10.25 per hour.

27.     However, Defendant did not pay Named Plaintiff any additional compensation for hours worked more than 40 per workweek.

28.     By way of example only, Named Plaintiff worked over 40 hours during at least one week of the following pay periods without receiving overtime wages:

    a.   March 15, 2016 to March 31, 2016;

    b.   June 1, 2016 to June 15, 2016;

    c.   June 16, 2016 to June 30, 2016;

    d.   July 1, 2016 to July 15, 2016;

    e.   July 16, 2016 to July 31, 2016;

    f.   August 1, 2016 to August 15, 2016;

    g.   September 1, 2016 to September 15, 2016;

    h.   September 16, 2016 to September 30, 2016;

      i.   October 16, 2016 to October 31, 2016;

      j.   November 16, 2016 to November 30, 2016; and

      k.   December 16, 2016 to December 31, 2016;

29.    Class Plaintiffs work/worked for Defendant as home health aides.

30.    Defendant pays/paid Class Plaintiffs wages at an hourly rate.

31.    Class Plaintiffs regularly work/worked over 40 hours per workweek.

32.    Defendant does/did not pay Class Plaintiffs any additional compensation for hours worked more than 40 hours per workweek.

33.    At no time did Named Plaintiff supervise any employees of Defendant.

34.    At no time did Named Plaintiff perform office or non-manual work directly related to the management or general business operations of Defendant that involved the exercise discretion or independent judgment over matters of significance.

35.    At no time did Class Plaintiffs supervise any employees of Defendant.

36.    At no time do/did Class Plaintiffs perform office or non-manual work directly related to the management or general business operations of Defendant that involved the exercise discretion or independent judgment over matters of significance.

37.    Accordingly, Named Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and NJWHL, non-exempt employees of Defendant.

38.    As a result of Defendant's unlawful actions, Named Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

39.    The foregoing paragraphs are incorporated herein as if set forth in full.

40.     At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the FLSA.

41.     At all times relevant herein, Named Plaintiff and Class Plaintiffs are/were employed with Defendant as "employees" within the meaning of the FLSA.

42.     At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

43.     Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

44.     Defendant's violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and Class Plaintiffs overtime pay for hours worked in excess of 40 in a workweek.

45.     Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was willful and not based upon any reasonable interpretation of the law.

**COUNT II**
**New Jersey Wage & Hour Law ("NJWHL")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

46.     The foregoing paragraphs are incorporated herein as if set forth in full.

47.     At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJWHL.

48.     At all times relevant here, Named Plaintiff and Class Plaintiffs are\were employees within the meaning of the NJWHL.

49.     NJWHL requires employers, such as Defendant, to compensate employees, at a rate of at least one and one-half times the regular rate for each hour worked over 40 each workweek.

50.     Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs at least one and one-half times their regular rates each hour worked over 40 each workweek violated the NJWHL.

51.     As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order and/or Judgment providing that:

(1)     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2)     Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings.

(3)     Named Plaintiff and Class Plaintiffs are to be awarded liquated damages pursuant to the FLSA in an amount equal to the actual damages in this case;

(4)     Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(5)     Named Plaintiff and Class Plaintiffs are to be awarded all relief as the Court deems appropriate and just; and

(6)     Named Plaintiff and Class Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law.

*(Signatures on next page)*

Respectfully Submitted,

*/s/ Matthew Miller*

Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 N. Kings Highway Ste 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: September 15, 2017

## <u>DEMAND TO PRESERVE EVIDENCE</u>

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.